1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9 | JOSE MAGANA,                          1:09-cv-01554-AWI-DLB (HC)

10 |               Petitioner,            FINDINGS AND RECOMMENDATION
                                          REGARDING RESPONDENT'S MOTION TO
11 |        v.                            DISMISS

12 |                                      [Doc. 14]
   | J. HARLEY, Warden
13
   |               Respondent.
14 | _____/

15
16        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17 pursuant to 28 U.S.C. § 2254.

18                                        BACKGROUND

19        Petitioner is currently in the custody of the California Department of Corrections and

20 Rehabilitation following a conviction for second degree murder.  (Petition, at 2.)  He was

21 sentenced to 15-years-to-life with the possibility of parole, plus a one year sentence enhancement.

22 (Id.)

23        On January 27, 2009, Petitioner appeared before the Board of Parole for an initial

24 consideration hearing.  At that hearing, Petitioner, with the assistance of counsel, expressed

25 concern regarding his medical condition.  As a result, the hearing was postponed for two years for

26 Petitioner to obtain a medical evaluation and appeal a rules violation report.

27        On August 18, 2009, Petitioner filed the instant federal petition for writ of habeas corpus

28 in the United States District Court for the Central District of California.  (Court Doc. 1.)  The

1    petition was transferred to this Court on August 27, 2009.  (Court Doc. 3.)

2        On November 25, 2009, Respondent filed a motion to dismiss the instant petition, and

3    Petitioner filed an opposition on December 16, 2009.[1]  (Court Docs. 14, 16.)

4                                DISCUSSION

5    1.    Procedural Grounds for Motion to Dismiss

6        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

7    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

8    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

9        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

10   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

11   state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using

12   Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v.

13   Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

14   motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

15   (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

16   response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

17   Supp. at 1194 & n. 12.

18   2.    Mootness

19       The case or controversy requirement of Article III of the Federal Constitution deprives

20   the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67,

21   70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d

22   1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live'

23   or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478,

24   481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that

25   cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246,

26   92 S.Ct. 402, 406 (1971) per curiam, quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227,

27

28        [1] Pursuant to this Court's order, Respondent submitted Exhibit A, as referenced in the motion to dismiss
     on January 11, 2010.  (Court Doc. 18.)

                                          2

240-241, 57 S.Ct. 461, 463-464 (1937).  To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision."  Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

Thus, in order to proceed with a section 2254 petition, Petitioner must suffer an "injury in fact."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  To the extent Petitioner contends that the Board of Parole deprived him of good-time credits at his January 27, 2009 hearing, his claim is moot, as he was not denied parole at the hearing-it was merely postponed for two years at Petitioner's request.  At the January 27, 2009 hearing, Petitioner acknowledged that he understood he had a right to a hearing and by postponing he was giving up that right.  (Court Doc. 18, Exhibit A, at p. 7.)  He further stated that he had not been threatened, no promises or representations had been made, and he was postponing the hearing freely and voluntarily.  (Id. at pp. 7-8.)  Petitioner's attorney concurred in postponing the hearing.  (Id. at p. 8.)  Therefore, under these circumstances, Petitioner has suffered no injury that can be remedied by this Court.

3.    Failure to State Cognizable Claim

Furthermore, Petitioner's challenge to the passage of Proposition 9, is also not cognizable. Petitioner claims that the implementation of Proposition 9 in November 2008, violates the Ex Post Facto Clause because it renders sections 3041 and 2402 unconstitutional by significantly increasing his risk of longer incarceration.  On November 4, 2008, the California voters approved Proposition 9 (entitled Victims' Rights in Parole Proceedings), which amends California Penal Code section 3041.5 to permit the Board to defer subsequent parole consideration hearings for longer periods than those provided in the former statute.  See Cal. Penal Code § 3041.5.

Petitioner has not and can not demonstrate injury by the passage of Proposition 9.  Since the passage of Proposition 9 in November 2008, Petitioner has had only one parole hearing, and at this hearing, he requested and stipulated to a two year postponement for a medical evaluation and to appeal a rules violation report.  (Court Doc. 18, Exhibit A, to Motion.)  Therefore, the amendment to the statute has not been applied to Petitioner and he has not suffered any concrete

and particularized injury.  See Lujan, 504 U.S. at 560; see also Matter of Extradition of Lang, 905 F.Supp. 1385, 1397 (C.D. Cal. 1995) (mere unconstitutionality of statute does not create standing as plaintiff must claim some particularized injury resulting from application of statute).  Nor has the passage of Proposition 9 adversely implicated the fact or duration of his sentence.  See Preiser v. Rodriguez, 411 U.S. 475, 485-486 (writ of habeas corpus not available unless claims implicate the fact or duration of confinement); Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005) (same); Nelson v. Campbell, 541 U.S. 637, 643 (2004) (same).  Accordingly, the instant petition should be dismissed as moot and for failure to state a cognizable claim under 28 U.S.C. § 2254.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Respondent's motion to dismiss the petition be GRANTED; and,

2.      The Clerk of Court be directed to dismiss this action as moot and for failure to state a cognizable claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __January 13, 2010__                _____/s/ Dennis L. Beck_____
                                             UNITED STATES MAGISTRATE JUDGE